'O'
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK FULLER, and individual,<br><br>    Plaintiff,<br>v.<br>BMO BANK N.A.,<br><br>    Defendant. | Case No.:  CV 24-1800-CBM-KSx<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

The matter before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.  (Dkt. No. 35 (the "Motion").)

## I.   BACKGROUND

On March 5, 2024, Plaintiff filed the Complaint in this action based on Defendant's alleged freezing of Plaintiff's bank accounts.  (Dkt. No. 1.)  On March 12, 2024, the Court dismissed the Complaint for failure to state a claim with leave to amend.  (Dkt. No. 13.)  On March 25, 2024, Plaintiff filed a First Amended Complaint ("FAC").  (Dkt. No. 16.)  On July 2, 2024, the Court granted Defendant's motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction without prejudice, and granted Defendant's motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim with leave to amend.  (Dkt. No. 27.)

On July 31, 2024, Plaintiff filed a Second Amended Complaint (Dkt. No. 28 ("SAC")), asserting two causes of action: (1) "violation of the Electronic Fund Transfer Act 15 U.S.C. 1693 Section 205.11 (Procedures for Resolving Errors)"; and (2) negligence arising from Plaintiff's alleged accounts being "frozen." (*See* SAC ¶¶ 6-8.) Defendant now moves to dismiss the SAC with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    STATEMENT OF THE LAW

On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Id.* A court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

/ / /

/ / /

/ / /

### III. DISCUSSION

**A.    Electronic Fund Transfer Act ("EFTA")**

Plaintiff's first cause of action in the SAC asserts a violation of the Electronic Fund Transfer Act ("EFTA"), 12 C.F.R. § 205.11 which sets forth a financial institution's duty to investigate upon receiving notice of an error. "Error" for purposes of 12 C.F.R. § 205.11 is defined as:

> (i) An unauthorized electronic fund transfer;
>
> (ii) An incorrect electronic fund transfer to or from the consumer's account;
>
> (iii) The omission of an electronic fund transfer from a periodic statement;
>
> (iv) A computational or bookkeeping error made by the financial institution relating to an electronic fund transfer;
>
> (v) The consumer's receipt of an incorrect amount of money from an electronic terminal;
>
> (vi) An electronic fund transfer not identified in accordance with §§ 205.9 or 205.10(a); or
>
> (vii) The consumer's request for documentation required by §§ 205.9 or 205.10(a) or for additional information or clarification concerning an electronic fund transfer, including a request the consumer makes to determine whether an error exists under paragraphs (a)(1)(i) through (vi) of this section.

12 C.F.R. § 205.11(a). Similarly, "an error" for purposes of the EFTA is defined as:

> (1) an unauthorized electronic fund transfer;
>
> (2) an incorrect electronic fund transfer from or to the consumer's account;
>
> (3) the omission from a periodic statement of an electronic fund transfer affecting the consumer's account which should have been included;
>
> (4) a computational error by the financial institution;
>
> (5) the consumer's receipt of an incorrect amount of money from an electronic terminal;

///

    (6) a consumer's request for additional information or clarification concerning an electronic fund transfer or any documentation required by this subchapter; or

    (7) any other error described in regulations of the Bureau.

15 U.S.C. § 1693f(f).

  Here, the SAC fails to allege fact demonstrating any of the purported funds at issue qualify as an electronic fund transfer covered under the EFTA. (*See* SAC ¶ 5 (alleging Plaintiff deposited a check for $4,200.86); *id.* ¶ 6 (alleging Plaintiff called customer service regarding $307,578.00 and $4,200.86 that were being deposited into plaintiffs [sic] account" on February 27, 2024 but failing to state facts demonstrating the $307,578.00 amount was an electronic funds transfer).) *See* 12 C.F.R. § 205.3 (defining "electronic fund transfer" and stating "[t]he term electronic fund transfer does not include . . . [a]ny transfer of funds originated by check, draft, or similar paper instrument"); 12 C.F.R. § 1005.3 (stating "[e]xclusions from coverage" under the EFTA include "[c]hecks").

  Moreover, the SAC alleges Plaintiff called customer service regarding his "inability to access the bill pay service" (SAC ¶ 4) and the freeze on his account (*id.* ¶ 6), and alleges "defendants did not communicate at all with plaintiff about plaintiffs [sic] claim of an error and plaintiff was not provided with any provisions credits although plaintiffs [sic] accounts were frozen well in excess of 10 business days" (*id.* at pp.7-8). However, "errors" for purposes of 12 C.F.R. § 205.11 and the EFTA do not include the alleged "bill pay" and account freezes at issue here. *See* 12 C.F.R. § 205.11(a) (defining errors); 15 U.S.C. § 1693f(f) (same); *In re Bank of America Cal. Unemployment Benefits Lit.*, 674 F. Supp. 3d. 884, 909-10 (S.D. Cal. 2023) (noting "[n]either EFTA nor Reg E lists account freezes as a qualifying error" and dismissing EFTA claims as to the plaintiffs who reported account freezes only); *Hardin v. Bank of America*, 2022 WL 3568568, at *3 (E.D. Mich. Aug. 18, 2022) ("[T]he EFTA does not regulate account freezes; it regulates electronic funds transfers. And the regulation does not define account freezes as

an 'error' covered under the EFTA.") (internal citations omitted). Therefore, the SAC fails to allege Plaintiff provided Defendant notice of a qualifying error triggering Defendant's duty to investigate under 12 C.F.R. § 205.11.

    Accordingly, the SAC fails to state a claim for violation of the EFTA.

**B.    Negligence**

    Plaintiff's second cause of action is for negligence. However, the SAC alleges the parties entered into a contract (*see* SAC ¶ 4).

    ]To state a claim for negligence, a plaintiff must allege facts supporting a duty, breach of duty, causation, and damages. *See Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009); *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (Cal. Ct. App. 2003). In California, the economic loss rule generally precludes a plaintiff from recovering on negligence claims for "purely economic losses." *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 400 (Cal. 2019). The economic loss rule requires a party "to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). As the Court previously held in granting Defendant's motion to dismiss the FAC, Plaintiff cannot recover "purely economic damages" for his negligence claim, and the economic loss rule precludes recovery in tort for monetary losses as to any negligence claim asserted by Plaintiff. (Dkt. No. 27 at 9-10.)[1]

///

---

[1] "The primary exception to the general rule of no recovery for negligently inflicted purely economic losses is where the plaintiff and the defendant have a 'special relationship.'" *Southern California Gas Leak Cases*, 7 Cal.5th 391, 400 (2019). However, "[t]he relationship between a bank and its depositor is not fiduciary in character but, rather, 'founded on contract.'" *Kurtz-Ahlers, LLC v. Bank of Am., N.A.*, 48 Cal.App.5th 952, 956 (Cal. Ct. App. 2020) (quoting *Chazen v. Centennial Bank*, 61 Cal.App.4th 532, 537 (Cal. Ct. App. 1998)); *see also Das v. Bank of Am., N.A.*, 186 Cal.App.4th 727, 741 (2010). Therefore, the exception to the economic loss rule for parties with a "special relationship" would not apply here.

Plaintiff now contends he suffered non-economic damages including "emotional distress, humiliation, loss of society, loss of enjoyment of life." However, the SAC's allegations that "Plaintiff lost money by having to travel unexpectedly, plaintiff was unable to secure the business opportunity where plaintiff was during the time his accounts frozen and the emotional anguish of not knowing if this ordeal would be taken care efficiently and effectively" (SAC at p.8), are conclusory and insufficient to meet Plaintiff's obligation to provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff fails to plead sufficient facts regarding non-economic damages to state a claim for negligence. *See Holly v. Alta Newport Hosp., Inc.*, 612 F. Supp. 3d 1017, 1026–27 (C.D. Cal. 2020) (conclusory allegations regarding mental and emotional pain insufficient to state a claim for damages for negligence); *R.C. v. Walgreen Co.*, 2024 WL 2263395, at *12 (C.D. Cal. May 9, 2024) (same); *Medoff v. Minka Lighting, LLC,* 2023 WL 4291973, at *9 (C.D. Cal. May 8, 2023) (same); *Sion v. SunRun, Inc.*, 2017 WL 952953, at *2 (N.D. Cal. Mar. 13, 2017) (same). Accordingly, Plaintiff fails to plead sufficient facts to state a claim for negligence.

### C.  Leave to Amend

Because the Court has denied five requests for TROs filed by Plaintiff based on a failure to demonstrate a likelihood of success on the merits and/or irreparable harm (*see* Dkt. Nos. 10, 14, 22, 36, 42), and dismissed the Complaint and the FAC for failure to state a claim with leave to amend (Dkt. Nos. 13, 27), and the SAC nevertheless fails to state a claim against Defendant, the Court dismisses the SAC without further leave to amend.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss the SAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) <u>without further leave to amend</u>.

**IT IS SO ORDERED.**

DATED: September 16, 2024.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE